﻿Citation Nr: AXXXXXXXX
Decision Date: 11/08/18 Archive Date: 11/07/18

DOCKET NO. 180814-239
DATE: November 8, 2018
REMANDED
Entitlement to a TDIU on an extraschedular basis prior to December 6, 2016 is remanded.
REASONS FOR REMAND
The Veteran served on active duty in the U.S. Army from May 1977 to June 1979.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
Entitlement to referral for extraschedular consideration for a TDIU prior to December 6, 2016
It is the established policy of VA that all veterans who are unable to secure or follow a substantially gainful occupation due to service-connected disabilities shall be rated totally disabled. See 38 C.F.R. § 4.16. A finding of total disability is appropriate when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. §§ 3.340 (a)(1), 4.15.
Where the schedular criteria set forth in 38 C.F.R. § 4.16 (a) are not met, but a veteran is nonetheless found to be unemployable due to his service-connected disabilities, VA shall submit the case to the Director of Compensation Service for extraschedular consideration. See 38 C.F.R. § 4.16 (b).
Prior to December 6, 2016, the Veteran did not meet the threshold minimum percentage standards enunciated in 38 C.F.R. § 4.16 (a). Despite this fact, the Veteran continues to assert that he was unemployable during that period due to his service-connected disabilities, specifically his back, left ankle, and left pectoral muscle disabilities. 
The record indicates that the Veteran completed two years of high school and has had no additional educational or vocational training. The last position he held was as a laborer for a property preservation company. He stopped working completely in 2005, attributing this to his service-connected disabilities. 
Regarding the Veteran’s back disability, the Veteran’s treating physician provided limitations for the Veteran in May 2006, noting no lifting over ten pounds, no stooping, climbing, or crawling. He also prescribed a two-wheel walker for severe osteoarthritis. In July of that year, he also provided an assessment for Social Rehabilitation Services noting no lifting, pulling, or prolonged sitting with work limited to three or four hours a day. Further, in a residual functional assessment completed in January 2007, the Veteran’s physician noted that the Veteran’s capacity to lift was limited to less than five pounds with additional postural and environmental limitations. He observed that the Veteran would need to lie down for about fifteen minutes every two hours to alleviate pain. All listed limitations were due in part to the Veteran’s service-connected back disability. 
In May 2007, the Social Security Administration awarded the Veteran disability benefits, finding him totally occupationally impaired since November 1, 2005, and noting that the Veteran’s severe back pain contributed to his inability to sustain work. 
More recently, the Veteran has credibly reported constant lumbar spine pain that prevented him from engaging in normal activities such as cooking, washing dishes, or driving. The Veteran’s physician corroborated these assertions in a statement from June 2015 indicating that the Veteran’s back pain began as mild but over the years had progressed to severe, debilitating pain that was more advanced than expected for a person of his age. He noted that the Veteran required a two-wheeled walker to ambulate. 
Concerning the Veteran’s left ankle disability, the Veteran has credibly reported experiencing severe pain, swelling, and weakness that also affects his ability to stand for long periods of time. A March 2014 letter from the Veteran’s treating physician indicates that due to his service-connected ankle disability he must wear specially fitted shoes and has an inversion deformity. Another letter from the physician in June 2015 indicates that the progression of the Veteran’s left ankle disability has also led to the development of additional painful disabilities including degenerative spurring in his left heel and degenerative joint disease to his mid left foot. 
Finally, with regard to the Veteran’s left pectoral muscle disability, he has credibly reported loss of power, weakness, fatigue, and pain in his left shoulder. He submitted corroborative lay statements from friends and relatives who indicated that the severe pain he experiences in his left pectoral muscle keeps him from performing any chores that require pushing, pulling, or lifting. A February 2012 letter from the Veteran’s physician indicates that his left pectoral muscle is no longer operable, that he experiences significant weakness in his left shoulder, and is severely limited in the use of his left arm. These findings were duplicated at an November 2012 VA examination where the examiner saw less movement than normal, weakened movement, excess fatigability, and pain on movement. 
The Board finds that the Veteran’s service-connected disabilities rendered him unemployable prior to December 6, 2016. The evidence reflects that the Veteran is impaired in his ability to walk, stand, or sit for long periods of time due to his service-connected back and left ankle disabilities. He also has severely limited use of his left arm due to his service-connected left pectoral muscle disabilities. These limitations would adversely affect his ability to do the physical labor of which he is accustomed, as well as any sedentary labor. 
Given the above, the AOJ committed the pre-decisional error of declining to refer the Veteran’s claim of entitlement to a TDIU on an extraschedular basis prior to December 6, 2016 to the Director of Compensation Service. The Board is precluded from granting TDIU on an extraschedular basis in the first instance. Accordingly, the Board will remand the matter for referral to the appropriate agency. 
The matter is REMANDED for the following action:
The AOJ must refer the matter of entitlement to a TDIU on an extraschedular basis to the Director, Compensation Service for a determination as to whether the Veteran is entitled to an assignment of a TDIU under the provisions of 38 C.F.R. § 4.16 (b) prior to December 6, 2016.
 
JENNIFER HWA
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD L. Bush